UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN
LABORERS' PENSION FUND, ET AL.,

       Plaintiffs,                               Case No.  03-74906

vs.                                         HONORABLE JULIAN ABELE COOK, JR.
                                             HONORABLE STEVEN D. PEPE

BALES INC., F/K/A BALES TRUCKING, INC.
A MICHIGAN CORPORATION, AND HOWARD
M. BALES, JOINTLY AND SEVERALLY,

       Defendants.
_____/

<u>Report and Recommendation</u>

       This case deals with a collective bargaining agreement (CBA), the terms of which were valid and enforceable during all relevant time periods.  Plaintiffs, after conducting an audit of Bales' records which covered April 2002 thought August 2003, found a deficiency in the company's fringe benefit contributions.  On February 18, 2005, Plaintiffs filed a motion to compel an audit of Bales, Inc.  Shortly after Defendants responded to the motion, Judge Cook issued an order on Plaintiffs' motion for summary judgment on March 11, 2005, which determined that the labor contract was currently still in force, and that the CBA is in effect and incorporates by reference documents which allow for an audit.  A telephonic hearing was held on Plaintiffs' motion to compel an audit on April 1, 2005.

       Objecting to an audit, Defense counsel argued that discovery is closed and that an audit is outside the scope of the case, although the undersigned noted that Plaintiffs sought the audit in

their complaint.[1]  Plaintiffs' counsel responded that Plaintiffs are not seeking an audit through discovery, but rather under the CBA.

Article IX of the CBA incorporates the Funds' Trust Agreements by reference.  Article VII, Section 1 of the Michigan Laborers' Pension Fund Agreement and Declaration of Trust provides:

> Each Employer shall promptly furnish to the Trustees on request any and all records concerning the classification of his Employees, their names, social security numbers, amounts of wages paid and hours worked and any other payroll records and information that the Trustees may require in connection with the administration of the Trust Fund and Pension Plan and for no other purpose.  Each Employer shall also submit, in writing to the Trustees, at such regular periodic intervals and in such forms as the Trustees may establish, such of the above data as may be requested by the Trustees.  The Trustees or their authorized representatives may examine the payroll books and records of each Employer whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.  Each of the Participating Locals shall promptly furnish to the Trustees, upon request, any and all information concerning their participating members which the Trustees may require in connection with the Trust Fund or Pension Plan and for no other purpose.

Thus Plaintiffs, in seeking the audit, are simply seeking to enforce the provisions of a valid contractual agreement.  Defendants have refused to submit to audit, claiming which employees are covered must first be determined.  Defendants had also asserted that no audit can occur for periods after May 31, 2004, because of their purported earlier termination of the CBA as of that date. This Court's March 11, 2005 order determined Plaintiffs' requests for admission were deemed admitted.  Request 14 was that the CBA was in effect and binding on Defendant

---

[1] Judge Cook's March 11, 2005, order noted that the amended complaint was not properly filed.  Thus, the original complaint it operative.

Bales, Inc. Section XVII of the CBA does not allow for termination prior to May 31, 2006. Accordingly, Plaintiffs are entitled to specific performance of their CBA right to an audit.

RECOMMENDATION

Therefore it is recommended that this Court grant Plaintiffs' motion for an audit and order that Defendant Bales investigate to provide all necessary records and undergo an audit for the time period from September 2003 to present, because Plaintiffs' complaint also sought judgment on "any further audits as ordered by the court." This Court will refrain from entering a final judgment in this case until the audit is completed and Plaintiffs can determine whether additional funds are due.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service pursuant to 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in

length unless by motion and order such page limit is extended by the Court.  The response shall

address specifically, and in the same order raised, each issue contained

within the objections.


Dated: April 4, 2005            s/STEVEN D. PEPE
Ann Arbor, Michigan           United States Magistrate Judge


Certificate of Service

 I hereby certify that on April 04, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the following non-ECF participant(s): Michael Bartnicki and William Benz.

                  s/William J. Barkholz
                  Courtroom Deputy Clerk