UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE MICHIGAN LABORERS'
PENSION FUND, et al.,

        Plaintiff,                      Case number 03-74906
                                              Honorable Julian Abele Cook, Jr.

v.

BALES, INC. and HOWARD M. BALES,

        Defendants.

ORDER

On February 18, 2005, the Plaintiffs,[1] filed a motion, in which they asked the Court to compel one of the Defendants, Bales, Inc. to submit its financial records for an audit, as required by the parties' collective bargaining agreement. On April 4, 2005, Magistrate Judge Steven Pepe, to whom the motion was referred for hearing and determination, submitted a recommendation in which he urged the Court to grant the Plaintiffs' application for relief.

In their motion, the Plaintiffs contend that the collective bargaining agreements require Bales, Inc., as a signatory, to release its financial records to them annually for an audit. It is their general contention that Bales, Inc. has violated the terms and the spirit of their contractual obligation, in that each of them have been denied an opportunity to inspect Bales, Inc.'s financial records. They rely, in part, upon the provisions of Article VII, Section 1 of the Michigan Laborers' Pension Fund Agreement and Declaration of Trust, which reads:

---

[1] The Plaintiffs in this case are (1) the Trustees of the Michigan Laborers' Pension Fund, (2) the Michigan Laborers' Health Care Fund, (3) the Michigan Laborers' Vacation Fund, (4) the Michigan Laborers' Training Fund, (5) the Michigan Laborers' Annuity Fund, and (6) the Michigan Laborers' and Employers Cooperation Trust Fund ("Funds"),

> Each Employer shall promptly furnish to the Trustees on request any and all records concerning the classification of his Employees, their names, social security numbers, amounts of wages paid and hours worked and any other payroll records and information that the Trustees may require in connection with the administration of the Trust Fund and Pension Plan and for no other purpose. Each Employer shall also submit, in writing to the Trustees, at such regular periodic intervals and in such forms as the Trustees may establish, such of the above data as may be requested by the Trustees. The Trustees or their authorized representatives may examine the payroll books and records of each Employer whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust. Each of the Participating Locals shall promptly furnish to the Trustees, upon request, any and all information concerning their participating members which the Trustees may require in connection with the Trust Fund or Pension Plan and for no other purpose.

On March 11, 2005, the Court declared that the failure of Bales, Inc. to respond to the Plaintiffs' request for admission in a timely manner, had conclusively established, in part, that the collective bargaining agreements which now form the basis for the currently pending February 18th motion to compel, were legally binding upon the parties. On April 13, 2005, Bales, Inc. filed an objection to the Magistrate Judge Pepe's Report, denying, in essence, that it is contractually obligated to release and surrender its financial records to the Plaintiffs for purposes of audit.

In assessing the merit of the motion and the audit, the Court notes that Bales, Inc., in failing to comply with the mandatory provisions of Fed. R. Civ. 36(a), has tacitly admitted to the legal efficacy of the collective bargaining agreements which serve as the foundation for this law suit. As such, the Court concludes that the Report of Magistrate Judge Pepe shall be, and is, adopted in its entirety. In doing so, the Court (1) rejects the objections by Bales, Inc., and (2) grants the Plaintiffs' motion to compel. Therefore, Bales, Inc. is directed to turn over, release and surrender all of its financial records, which cover the period of September 1, 2003, through the present date, to the Plaintiffs within a period of twenty (20) days from the date of this order.

IT IS SO ORDERED.

DATED:  June 2, 2005  
Detroit, Michigan

s/ Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
United States District Judge

Certificate of Service

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 2, 2005.

s/ Kay Alford

Courtroom Deputy Clerk